UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-22131-CIV-GRAHAM/TORRES

DENEE VANDYKE and BEN WALKER,
individually, and on behalf of
a class of similarly situated
individuals,

    Plaintiffs,
vs.

MEDIA BREAKAWAY, LLC.,

    Defendant.
_____/

### ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement [D.E. 56].

**THE COURT** has reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

**I.   BACKGROUND**

On June 10, 2008, Plaintiff Denee Vandyke ("Vandyke") filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Alltel Communications, LLC ("Alltel Communications") and Media Breakaway, LLC ("Media Breakaway") for breach of contract, unjust enrichment and tortious interference with a contract. Alltel Communications is a wireless carrier and Media Breakaway provides mobile content to cell phone devices. The case was subsequently removed to this Court on July 28, 2008 [D.E. 1]. On September 12, 2008, the Complaint was amended to

remove Defendant Alltel Communications and the claim for breach of contract [D.E. 11, 13].

On October 6, 2008, Defendant filed a motion to dismiss the First Amended Complaint. The Court found that Plaintiff Vandyke failed to state a claim for unjust enrichment and lacked standing to assert such a claim. As a result, the Court dismissed the unjust enrichment claim [D.E. 28]. However, on November 17, 2008, Plaintiff amended the Complaint to add Ben Walker ("Walker") as a Plaintiff and to reallege the unjust enrichment claim through Mr. Walker [D.E. 30]. The parties settled this matter on January 12, 2009. Plaintiff now moves the Court for preliminary approval of the class action settlement [D.E. 56]. A hearing was held on this Motion on March 27, 2009.

## II. DISCUSSION

### A. Conditional Certification of Settlement Class

First, the Court "must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23." Fresco v. Auto Data Direct, Inc. No. 03-61063-CIV, 2007 WL 2330895, at * 2 (S.D.Fla. May 14, 2007). "Under Rule 23(a), every putative class first must satisfy the prerequisites of 'numerosity, commonality, typicality, and adequacy of representation.'" Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1265 (11th Cir. 2009)

To decide if the settlement class satisfies the numerosity requirement, the Court must determine if the factual record demonstrates that "the class is so numerous that joinder of all members is impracticable." Vega, 564 F.3d at 1266-67 (quoting Fed. R. Civ. P. 23(a)(1)). As a general rule, less than 21 is inadequate, and more than 40 is adequate. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986). In the Second Amended Complaint, Plaintiff alleges that the class of individuals who suffered losses or damages due to Defendant's billing and collecting for unauthorized mobile content services is no fewer than 1,000 class members [D.E. 30-2, ¶ 46]. Furthermore, the current estimate is that the settlement class includes over 100,000 wireless telephone subscribers in the United States [D.E. 56 at 11]. Based on the foregoing, the Court finds that the settlement class is so numerous that joinder of all members is impracticable.

The commonality requirement is satisfied if there are "questions of law or fact common to the class." Vega, 564 F.3d at 1268. All class members share the common factual issue of whether they incurred unauthorized Mobile Content charges on their wireless phone bills due to Defendant's conduct. Furthermore, there are common legal issues, such as whether Defendant has unjustly received money belonging to the class members, and whether Defendant tortiously interfered with the contracts between the class members and their wireless service providers. Based on the

foregoing, the Court finds that the commonality requirement is satisfied. Vega, 564 F.3d at 1268.

Rule 23 also requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. Vega, 564 F.3d at 1275. "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical ..." Vega, 564 F.3d at 1275. "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of he class at large." Id. at 1275.

The settlement class is defined in the Stipulation of Settlement as:

> all current and former Wireless Subscribers in the United States and its territories who, at any time from the date Media Breakaway engaged in Mobile Content business until the date notice is disseminated to the Settlement Class, were billed and who paid for Mobile Content associated with Media Breakaway which was claimed to not be authorized through any unlimited number of means including but not limited to claims of deceptive advertising or technology issues. Excluded from the Settlement Class are: (a) Media Breakaway,
> (b) any current or former employee, officer or agent of Media Breakaway; (c) class members who have (i) released their claims through other settlements, or (ii) received partial or full reimbursements for Mobile Content charges from any source, (d) the claims administrator and its respective parents, subsidiaries, successors, predecessors, and related entities, and (e) any trial judge(s) presiding over this Action, the Related Action, and the immediate family members of any such trial judge(s).

[D.E. 56-2, at 11-13]. Although the proposed settlement refers to one class, the Second Amended Complaint makes reference to two

classes. Specifically, in the section entitled "Class Allegations," the Second Amended Complaint states that Plaintiff Vandyke brings this action on behalf of herself and a "Non-Payment Class," described as "[a]ll wireless telephone subscribers in the nation who suffered losses or damages as a result of [Defendant] <u>billing for</u> mobile content products and services not authorized by the subscriber" (emphasis added) [D.E. 30-2]. Plaintiff Walker, on the other hand, is said to bring this action on behalf of himself and a "Payment Class," which is defined as "[a]ll wireless telephone subscribers in the nation who suffered losses or damages as a result of [Defendant] <u>billing and collecting for</u> mobile content products and services not authorized by the subscriber" (emphasis added) [D.E. 30-2].

The Second Amended Complaint also states that "Vandyke refused to pay Alltel for unauthorized Mobile Content services provided by [Defendant] and, as a result, ... Alltel discontinued Vandyke's cellular telephone service" [D.E. 30-2]. Nevertheless, Plaintiffs initially sought to have both Vandyke and Walker appointed as class representatives for what is essentially a "Payment Class," or a class of wireless subscribers who "were billed and who paid for" unauthorized Mobile Content [D.E. 56]. The Court brought this inconsistency to the parties' attention via Order dated June 10, 2009 [D.E. 76]. The Court asked Plaintiffs to clarify their position with respect to the definition of the Settlement Class and

the appointment of the Class Representative [D.E. 76]. In response, Plaintiffs filed a Notice acknowledging that "Plaintiff Vandyke may not properly be appointed as a representative of the Settlement Class as defined in the Stipulation of Settlement" [D.E. 78]. Accordingly, Plaintiffs now seek to appoint only Ben Walker as representative of the Settlement Class, as defined in the Stipulation of Settlement [D.E. 77].

According to the Complaint, the Defendant "caused Walker's cellular telephone account to be charged for Mobile Content Services without Walker's authorization" and "Walker paid his account." [D.E. 30-2, ¶ 37]. Based on the foregoing, the Court finds that Plaintiff Walker possesses the same interest and has suffered the same injury as the proposed settlement class. Because there is a sufficient nexus between Walker's claims and those of the settlement class, the Court finds that Walker's claims are typical of the class.

The Court also finds that Plaintiff Walker and counsel will adequately represent the interests of the class. Specifically, the Court finds that Plaintiff has no interests that are antagonistic to the settlement class. Furthermore, after reviewing the resume submitted by proposed class counsel, the Court finds that they are competent to represent the class [D.E. 56-3].

Finally, the Court also finds that the settlement class meets the requirements of Rule 23(b)(3). "Rule 23(b)(3) requires finding

both (1) that the questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Vega, 564 F.3d at 1277 (quoting Fed. R. Civ. P. 23(b)(3)). In this case, the common questions of law and fact - whether the class members received unauthorized Mobile Content charges on their cell phone bills due to Defendant's conduct, whether Defendant was unjustly enriched, and whether Defendant tortiously interfered with class members' contracts with their carriers - predominate over questions affecting only individual members (i.e. the amount of unauthorized charges they were billed and paid for). Furthermore, a class action is the superior method for adjudicating this controversy. Most class members would find the cost of litigating their individual claim to be prohibitive. Furthermore, the Court does not foresee any management problems since the case has already been settled.

B.  **Appointment of Class Counsel**

Under Rule 23(g), the Court must appoint counsel who "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The resume submitted by Plaintiffs' counsel demonstrates that they have been involved in investigating the Mobile Content industry since 2005 [D.E. 56-3]. Furthermore, they have prosecuted over 100 cases involving Mobile Content and have

served as lead class counsel in numerous class action settlements relating to technology consumer protection [D.E. 56-3]. Finally, proposed class counsel negotiated the settlement in this case. Based on the foregoing, the Court appoints Plaintiffs' counsel as class counsel for the settlement class.

C. **Preliminary Approval of Class Action Settlement**

According to Federal Rule of Civil Procedure 23(e)(2), the Court may approve a class action settlement after finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "Approval of a class action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." Fresco v. Auto Data Direct, Inc., No. 03-61063, 2007 WL 2330895, at *4 (S.D.Fla. May 14, 2007). "In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement." Id. at * 4.

"At the preliminary approval step, the Court is required to make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." Id. at *4. "A proposed settlement should be preliminarily approved if it is within the range of possible approval or, in other words, if there is probable cause to notify the class of the proposed settlement." Id. at * 4.

In determining whether a class action settlement should be approved, the Court must consider the following factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount opposition to the settlement; an (6) the state of proceeding in which the settlement was achieved.

Bennet v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984). The Court has considered the aforementioned factors and finds that there was no fraud or collision among the parties in arriving at the settlement. Id. at 986. Furthermore, the Court has reviewed the Stipulation of Settlement, and has heard from attorneys for both parties at a pre-notification hearing held on March 27, 2009. Based on the foregoing, the Court finds that the Stipulation of Settlement appears to be fair, reasonable, and adequate and is therefore "within the range of possible approval." Fresco v. Auto Data Direct, Inc., 2007 WL 2330895, at *4 (S.D.Fla. May 14, 2007).

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Approval of Class Action Settlement [D.E. 56] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Hearing [D.E. 57] is **DENIED** as moot, since a hearing was held on this matter on March 27, 2009 [D.E. 77].  It is further

**ORDERED AND ADJUDGED** that the Stipulation of Settlement [D.E. 56-2] is preliminarily **APPROVED** as fair, reasonable, and adequate.  It is further

**ORDERED AND ADJUDGED** that the following class is certified for settlement purposes only:

> All current and former Wireless Subscribers in the United States and its territories who, at any time from the date Media Breakaway engaged in Mobile Content business until the date notice is disseminated to the Settlement Class, were billed and who paid for Mobile Content associated with Media Breakaway which was claimed to not be authorized through any unlimited number of means including but not limited to claims of deceptive advertising or technology issues.  Excluded from the Settlement Class are: (a) Media Breakaway, (b) any current or former employee, officer or agent of Media Breakaway; (c) class members who have (i) released their claims through other settlements, or (ii) received partial or full reimbursements for Mobile Content charges from any source, (d) the claims administrator and its respective parents, subsidiaries, successors, predecessors, and related entities, and (e) any trial judge(s) presiding over this Action, the Related Action, and the immediate family members of any such trial judge(s).

It is further

**ORDERED AND ADJUDGED** that Ben Walker is appointed Class Representative.  It is further

**ORDERED AND ADJUDGED** that Jay Edelson, Myles McGuire and Rafey S. Balabanian of Kamber Edelson, LLC are appointed Class Counsel,

and David P. Healy is appointed as Liaison Class Counsel. It is further

**ORDERED AND ADJUDGED** that the web notice and summary form notice, which were submitted on May 25, 2009 [D.E. 74-2, 74-3], are **APPROVED** in form and substance. It is further

**ORDERED AND ADJUDGED** that no later than **June 23, 2009**, the Parties shall disseminate notice of the Stipulation of Settlement and Fairness Hearing to the members of the Settlement Class by effectuating the Notice Plan. The Notice Plan includes: (1) Publication of one-day 1/8 page ads in the Miami Herald, the New York Daily News, the Los Angeles Times, the Chicago Sun Times, the Philadelphia Inquirer, the Dallas Morning News, the Houston Chronicle, the Fort Worth Star Telegram, the Washington Post, the Atlanta Journal-Constitution, the Boston Globe, and USA Today; (2) a 1/4 page add in Rolling Stone; (3) the erection of a settlement website by the settlement administrator that will serve as a replacement for a typical "long-form" notice and will provide links to the Stipulation of Settlement and provide for the on-line submission of claims; (4) targeted Internet advertising promoting Website Notice; (5) preparation of a joint press release that will be disseminated to local, national and syndicated news organizations discussing the Stipulation of Settlement. The Settlement website shall be accessible on or before publication of the advertisements described in this Paragraph and shall remain

accessible until at least thirty-one (31) days after the Court enters an order at the Fairness Hearing. It is further

**ORDERED AND ADJUDGED** that any Claim Form submitted by a member of the Class must be received or postmarked by **December 15, 2009.** It is further

**ORDERED AND ADJUDGED** that each Settlement Class member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Settlement Class may mail a written request for exclusion, in the form specified in the notice, to Rosenthal & Company LLC or its designee(s), postmarked no later than **September 1, 2009.** All persons or entities who properly make a request for exclusion from the Settlement Class shall not be Settlement Class members and shall have no rights with respect to the Stipulation of Settlement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any final Order and Judgment of this Court. It is further

**ORDERED AND ADJUDGED** that any Settlement Class member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class member, may object to the fairness, reasonableness or adequacy of the Agreement, the Incentive Award, or the Fee Award, or any of them. Settlement Class members may do so either on their own or through counsel hired at their expense. Any Settlement Class member who wishes to object to

the Stipulation of Settlement must file an objection with this Court on or before **September 1, 2009**. The objection must contain the following: (i) a notice of the objector's intention to appear at the Fairness Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Settlement Class member; (v) any legal authorities that the objector wishes the Court to consider; (vi) a list of documents and things the objector wishes the Court to consider; (vii) a list of documents and things the objector may offer as evidence or exhibits; and (viii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony. On or before that same date, any such objecting Settlement Class members shall serve a copy of such papers by first-class mail on each of the following counsel:

>Jay Edelson, Esq.
>Myles McGuire, Esq.
>Rafey S. Balabanian, Esq.
>KamberEdelson, LLC
>350 North LaSalle Street, Suite 1300
>Chicago, Illinois 60654

and

>Frank A. Zacherl, Esq.
>Kai E. Jacobs, Esq.
>Shutts & Bowen LLP
>1500 Miami Center
>201 South Biscayne Boulevard

Miami, FL 33131

It is further

**ORDERED AND ADJUDGED** that Papers in support of final approval of the Stipulation of Settlement, Incentive Awards, and the Fee Award shall be filed with the Court on or before **September 8, 2009**. It is further

**ORDERED AND ADJUDGED** that the Fairness Hearing shall be held on **Friday, September 18, 2009, at 2:30 p.m.** It is further

**ORDERED AND ADJUDGED** that in the event the Stipulation of Settlement is not approved by the Court, or for any reason the parties fail to obtain a Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)   All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)   The conditional certification of a Settlement Class pursuant to this Order shall be vacated automatically, the Action and Related Actions shall proceed as though the Settlement Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been

made, and the Actions shall return to the procedural status quo before entry of the Preliminary Approval order.

(c)   Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

(d)   Nothing in this Order or pertaining to the Stipulation of Settlement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of this case as a class action; and

(e)   All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

It is further

**ORDERED AND ADJUDGED** that pending final determination of whether the proposed Settlement should be approved, no Class member directly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims. It is further

**ORDERED AND ADJUDGED** that the firm of Rosenthal & Company LLC is hereby appointed as Settlement Administrator for the Agreement

and shall perform all of the duties of the Settlement Administrator set forth in the Stipulation of Settlement.  It is further

**ORDERED AND ADJUDGED** that the Parties shall act in good faith to agree upon attorneys' fees or to have them decided by binding mediation as provided in the Settlement Agreement.  It is further

**ORDERED AND ADJUDGED** that Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor changes to the form or content of the Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of June, 2009.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Torres
    All Counsel of Record