IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

DENEE VANDYKE and BEN WALKER, )
individually and on behalf of a class of similarly )
situated individuals, )
                                                                ) CASE NO. 08-22131-CI
                    Plaintiff, ) GRAHAM/TORRES
)
v. )
)
MEDIA BREAKAWAY, LLC, a Nevada )
limited liability company, )
)
                    Defendant. )
_____/

**FILED by ___ D.C.**
**SEP 1 0 2009**
**STEVEN M. LARIMORE**
**CLERK U.S. DIST CT**
**S. D. of FLA. - MIAMI**

## AWARD OF ARBITRATOR - MODIFIED

      Comes now Rodney Max, Arbitrator in the above styled cause, having considered the Motion to Reconsider Arbitration Award and the Response in Opposition thereto, and renders this Award of Arbitrator – Modified, and as grounds therefor states as follows:

1.     The Arbitrator has considered the "totality of the case" in review of all evidence exhibits, law, arguments, and briefs of the parties.

2.     I find that the fee award is not based on a fee-shifting statute:

        a)     The fees are derived out of a common fund, not separately paid by Defendant.
        b)     The fee-shifting statute identified in a "related case" (Ayers v. Media Breakaway) was previously dismissed and incorporated into the settlement of this case without specific validation of that claim, cause of action, or fault of Defendant. (See <u>Dikeman</u> v. <u>Progressive Express Ins. Co.</u>, 2008 WL 786618 (11th Cir. 2008). (Note that no time or expenses related to <u>Ayers</u> has been applied or awarded by the Arbitrator).

3.     This class action has been settled establishing a common fund (the Settlement Cap, established by agreement) out of which all claims, costs of notice, administrative expenses, incentive awards, and attorneys' fees shall be paid (Defendant's Exhibit 1, Section II, p.9.)

4. As a common fund settlement, the fees to be paid to class counsel shall be a percentage of the fund.

5. The twelve factors considered in establishing the reasonable percentage of the fund to be applied to attorneys' fees have been fully set forth in the Award of Arbitrator at pages 6-13, and are incorporated herein as if fully set forth.

6. The reasonable percentage which I determined to be applicable under the totality of circumstances of this case was 20%. That percentage is hereby reconfirmed.

7. The lodestar approach shall be relevant for the limited purpose of a cross check on the percentage of the fund approach, not as a modifier thereof.

8. The number of hours recorded by Plaintiffs' and Defendant's counsel has been fully considered:

    a) I find that Defendant's counsels' hours (while not irrelevant) are not a standard for or measurement of services rendered by the team of Plaintiffs' counsel in investigation, preparation, prosecution, settlement, and implementation of the settlement herein.
    b) I find the hours expended by the team of Plaintiffs' counsel to be reasonable.
    c) I find the hourly rates of the team of Plaintiffs' counsel to be reasonable for South Florida in relation to the type of case and the experience and expertise of Plaintiffs' counsel under the circumstances and scope of this litigation (i.e. a national class action settlement with a mobile content provider).
    d) I reconfirm my finding of hourly fees in the amount of $606,498.50 and the multiplier of 2.75 from which the lodestar (as a checkpoint) of $1,667,870.80 is derived.

IN CONCLUSION:

I hereby reassert that based upon the totality of circumstances, 20% of the common fund (established by the Settlement Cap) is a reasonable attorneys' fee in this case.

I hereby modify my prior Award by negating the modifier effect of the lodestar on this percentage finding. Said lodestar does serve as a cross check to verify and confirm the reasonableness of the Award of 20%.

I hereby confirm the reasonable fee of **$1,520,000.00 (20% of the $7.6Million Settlement Cap).**

I hereby reaffirm my Award of costs of **$34,034.07.**

Therefore, the total of fees and costs are **$1,554,034.07.**

AWARDED THIS 4TH DAY OF SEPTEMBER, 2009.

*/s/ Rodney A. Max*
Rodney A. Max, Arbitrator

I HEREBY CERTIFY that a true and correct copy of the foregoing is being furnished via email and U.S. Mail this 4th day of September, 2009, to the Plaintiffs' and Defendant's counsel.

| | |
|---|---|
| Jay Edelson, Esquire | Frank A. Zacherl, Esquire |
| Rafey S. Balabanian, Esquire | Shutts & Bowen LLP |
| KamberEdelson, LLC | 1500 Miami Center |
| 350 North LaSalle Street, Suite 1300 | 201 South Biscayne Boulevard |
| Chicago, IL  60610 | Miami, FL  33131 |
| (312) 589-6370 / (312) 589-6378 | (305) 358-6300 / (305) 381-9982 |

*/s/ Rodney A. Max*
Rodney A. Max, Arbitrator