IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI

Case No. 08-CV-22131-Graham/Torres

DENEE VANDYKE and BEN WALKER, )
individually and on behalf of a class of )
similarly situated individuals, )
)
      Plaintiffs, )
)
vs. )
)
MEDIA BREAKAWAY LLC, a Nevada limited )
liability company, )
)
      Defendant. )

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

This matter came before the Court for a Final Fairness hearing on September 18, 2009, pursuant to the Order of this Court entered on June 15, 2009, on the application of the parties for preliminary approval of the settlement reached between the parties as set forth in the Stipulation of Settlement (the "Settlement Agreement"), executed by counsel on February 13, 2009 on behalf of the Parties. (See Stipulation of Settlement, a true and accurate copy of which is attached as Exhibit A.) Due and adequate notice having been given to the Class as required in said Order, and the Court having considered the thorough briefing and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUGED AND DECREED** as follows:

    1.    This Court has jurisdiction over the subject matter of this action and over all parties to the Action, including all Settlement Class Members.

    2.    On June 15, 2009, this Court preliminarily approved the Settlement Agreement for a Class as defined in the Agreement. The definitions in the Settlement Agreement are hereby

incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

3. The Court hereby confirms and grants final certification to the Settlement Class and finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution for the maintenance of this action as a class action have been satisfied in all respects.

4. Notice was disseminated to the Settlement Class in the form of direct email notice to potential members of the Settlement Class, comprehensive publication notice, an Internet promotional campaign, and a press release.

5. The notice fully informed the Settlement Class of their rights with respect to the Settlement Agreement, including the right to be excluded and to object to the Settlement Agreement, the Fee Award and reimbursement of expenses, and the Incentive Award.

6. The notice satisfied the statutory requirements of notice under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort in Defendant's records.

7. This Action and the Settled Claims contained therein, are DISMISSED WITH PREJUDICE as to the Class Representative, the named-plaintiffs, the Settlement Class Members, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

8. The Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable as to each member of the Settlement Class under the applicable factors as set forth in *Bennett v. Behring Corp.*, 737 F. 2d. 982, 986 (11th Cir. 1984). Specifically, the legal and factual posture of this case, the discovery conducted, and the fact that the Settlement

Agreement was the result of arms' length negotiations support this finding. The Court further finds that the injunctive relief contained in the Settlement Agreement comports with requirements of applicable law and is therefore fair, adequate and reasonable as well. Accordingly, the Settlement Agreement is hereby finally approved in all respects and the parties are hereby directed to perform its terms.

9. The Plaintiffs in this action, as well as Plaintiff Ayers in the Related Action, on behalf of themselves and the Settlement Class, are deemed to have, and by operation of the Judgment shall have, absolutely and unconditionally released the Released Parties from each and every Settled Claims.

10. All members of the Settlement Class are hereby forever barred and enjoined from prosecuting each and every Released Claim against the Released Parties.

11. Class Counsel is hereby awarded attorneys' fees and reasonable costs and expenses in the total amount of $1,050,000.00, which the Court finds to be fair and reasonable under *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and its consideration of the *Johnson* factors cited therein.

12. The Class Representative Ben Walker and named-plaintiffs Denee VanDyke and Ronald Ayers are awarded an incentive award of $6,000.00, which shall be paid by the Defendant pursuant to the terms of the Settlement Agreement.

13. In making this Fee Award to Class Counsel and incentive award to the Plaintiffs, the Court has considered and finds that:

> (1) Class Counsel's Lodestar of $726,629.74 in time (excluding time spent preparing for and attending the Fairness Hearing) and $47,615.07 in expenses incurred supports the Fee Award and results in a multiplier of 1.356;

(2) The novelty and difficulty of the questions involved in this case were substantial and support the reasonableness of the Fee Award;

(3) Class Counsel has demonstrated the skill requisite to successfully prosecute this action and has performed the legal services properly for the benefit the Settlement Class;

(4) The preclusion of other employment by Class Counsel as a result of accepting and prosecuting this case on behalf of the Settlement Class supports the Fee Award;

(5) The Fee Award is less than that customarily awarded in similar cases and the rates are comparable to or less than those typically paid to both defense counsel and plaintiffs' firms in similar types of sophisticated cases and supports the reasonableness of the Fee Award;

(6) Contingency of the fees sought in this case weighs in favor of approving the Fee Award;

(7) The time limitations or lack of time limitations imposed by the client neither supports nor weighs against the Fee Award;

(8) The Fee Award is reasonable in light of the benefits provided to the Settlement Class under the Agreement, including $10 refunds to be paid from a $7.6 million fund, the substantial injunctive relief, and Defendant's agreement to pay for the costs of notice and claims administration;

(9) The experience, reputation and ability of Class Counsel favor approval of the Fee Award;

(10) The "undesirability" of the case favors the Fee Award in that the Defendant was sophisticated, employed sophisticated counsel, and was prepared to vigorously defend the claims asserted in the Action;

(11) The nature and length of the professional relationship with the client neither supports nor weighs against the Fee Award; and

(12) Awards in similar cases apply benchmarks of 25 – 30 % of the total settlement benefit and the Fee Award being approximately 14 % of the monetary benefit to the Settlement Class is reasonable.

14. Without affecting the finality of the Judgment to be entered in any way, this Court shall retain jurisdiction until December 31, 2009 over (a) implementation of the Settlement Agreement and any award or distribution of the settlement monies, including Fee Award and (b) all Parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

15. Nothing in this order is meant to supersede the Stipulation of Settlement entered between the parties on February 13, 2009.

16. The Clerk of Court is to mark this case as CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September 2009.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   U.S. Magistrate Judge Torres
      All Counsel of Record